UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY GUTIERREZ, on her own behalf and on behalf of a class of those similarly situated,<br>　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF EAST CHICAGO and the HOUSING AUTHORITY OF THE CITY OF EAST CHICAGO,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　CAUSE NO.: 2:16-CV-111-JVB-PRC<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Permissive Intervention and to Join Pending Motion for Class Certification [DE 43], filed by non-party Sean Polk, on August 17, 2016. No response has been filed, and the time to do so has passed.

On March 31, 2016, Plaintiff Mary Gutierrez filed a Class Action Complaint for Declaratory and Injunctive Relief and Damages, challenging the East Chicago Housing Authority and the Police Department of the City of East Chicago's alleged policy and practice of conducting warrantless and non-consensual criminal and administrative searches of tenant apartments. On April 1, 2016, Gutierrez filed a Motion for Class Certification and a Motion for Preliminary Injunction. On September 9, 2016, the Court entered a Report and Recommendation on the motions; the time for objections has not passed. Polk seeks leave to intervene to ensure that his own rights and the rights of the putative class are protected.

Under Federal Rule of Civil Procedure 24(b), "[p]ermissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). The standard is easily met in this case. Polk is also a tenant of the East

Chicago Housing Authority. Polk's request for injunctive relief in his proposed Complaint is identical to that presented by Plaintiff Gutierrez. Gutierrez's Motion for Preliminary Injunction would apply to Polk as well. The motion is timely as only minimal discovery in relation to the two pending motions has occurred, consisting of a single deposition and related document request. The Court has not yet set a Rule 16(b) preliminary pretrial conference.

Rule 24(b)(3) provides that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court finds that Polk's intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Gutierrez and Defendants have not objected to this motion. As noted, discovery has not yet commenced. Polk is represented by the same counsel as Gutierrez. Polk's intervention as a class representative will ensure that the class continues to be represented should Gutierrez no longer reside in her apartment. The addition of Polk will not meaningfully expand the scope of discovery or the motion practice in this case. Allowing intervention will also serve the interests of judicial economy by avoiding the need for Polk to file a separate, largely duplicative, lawsuit.

Accordingly, the Court hereby **GRANTS** the Motion for Permissive Intervention and to Join Pending Motion for Class Certification [DE 43] and **ORDERS** Intervenor Sean Polk to **FILE** his Complaint on or before **September 21, 2016.**

SO ORDERED this 14th day of September, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT