# United States District Court
# Northern District of Indiana
# Hammond Division

MARY GUTIERREZ and SHAWN POLK, on behalf of themselves and a class of those similarly situated,

        Plaintiffs,

        v.

CITY OF EAST CHICAGO, et al.,

        Defendants.

Civil Action No. 2:16-CV-111 JVB

## ORDER

On September 6, 2016, Magistrate Judge Paul R. Cherry filed and served on the parties his Report and Recommendation (DE 51) with regard to Plaintiff Mary Gutierrez's motions for class certification (DE 5) and for a preliminary injunction (DE 7), in which intervening Plaintiff Shawn Polk joins. Judge Cherry recommended that this Court grant Plaintiff's motions. In the Report and Recommendation Judge Cherry advised the parties that they had fourteen days from the date of service within which to file objections and noted that the failure to file timely objections would result in waiver of the right to challenge the Recommendation before both the District Court and the Court of Appeals.

The time for objection has expired and no party has filed objections to the Report and Recommendation. Accordingly, this Court **ADOPTS** Judge Cherry's recommendations and makes the following orders:

**A.**    **Class Action Certification**

The Court **GRANTS** Plaintiff's motion for class certification (DE 5).

**(1)**    *Class Definition*

The Court certifies a class under Federal Rule of Civil Procedure 23(b)(2) consisting of all current and future tenants of properties owned and managed by the East Chicago Housing Authority (ECHA).

**(2)** *Class Claims*

Plaintiffs claim that Defendants ECHA and the City of East Chicago have a policy and practice of conducting warrantless non-consensual criminal searches without exigent circumstances that violate the Fourth Amendment to the United States Constitution. They also regularly conduct administrative searches without a warrant or the tenant's consent that violate the Fourth Amendment. Plaintiffs seek a declaration that these polices are unconstitutional and an injunction prohibiting Defendants from conducting non-consensual warrantless searches and inspections of ECHA apartments absent exigent circumstances.

**(3)** *Appointment of Class Counsel*

The Court appoints Jan P. Mensz, Kenneth J. Falk, and Gavin M. Rose, all of the ACLU of Indiana, as class counsel.

**B.** **Preliminary Injunction**

For the reasons set out in the Magistrate Judge's Report and Recommendation, the Court **GRANTS** Plaintiff's motion for a preliminary injunction (DE 7).

**(1)** *Administrative Searches*

The Court **ISSUES** a preliminary injunction prohibiting ECHA from conducting warrantless, non-consensual searches of tenant apartments when there are no exigent circumstances and requiring ECHA to obtain consent from the tenant or, if consent is not given or cannot be obtained, to obtain a warrant for all administrative searches that are not based on exigent circumstances, including but not limited to routine HUD inspections, housekeeping inspections, housing quality inspections, exterminations, bedbug inspections, suspected lease violations, and inspections for tenants on probation due to housekeeping violations. This injunction does not apply to tenant-requested maintenance visits and does not prohibit police from accompanying an administrative search or maintenance for security purposes only.

**(2)** *Criminal Searches*

The Court **ISSUES** a preliminary injunction requiring ECHA and the City of East Chicago to end their warrantless drug search policy using drug-sniffing dogs as well as all other warrantless criminal searches without exigent circumstances or consent.

**(3)** *Security*

Because the Court is satisfied that Defendants will not suffer any damages if the injunction issues, it adopts the Magistrate Judge's recommendation that Plaintiffs not be required to give security.

SO ORDERED on October 5, 2016.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge