UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY GUTIERREZ and SHAWN POLK, on their own behalfs and on behalf of a class of those similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF EAST CHICAGO and the HOUSING AUTHORITY OF THE CITY OF EAST CHICAGO,<br>    Defendants. | CAUSE NO.: 2:16-CV-111-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery [DE 59], filed by Plaintiffs Mary Gutierrez and Shawn Polk on behalf of the certified class on January 6, 2017. Defendant Housing Authority of the City of East Chicago ("ECHA") filed a response on January 20, 2017. Plaintiffs filed their reply on January 25, 2017.

## BACKGROUND

On October 5, 2016, the Court granted Plaintiffs' Motion for Preliminary Injunction, issuing a preliminary injunction prohibiting ECHA from conducting warrantless, non-consensual searches of tenant apartments when there are no exigent circumstances and requiring ECHA to obtain consent from the tenant or, if consent is not given or cannot be obtained, to obtain a warrant for all administrative searches that are not based on exigent circumstances. The Court also issued a preliminary injunction requiring ECHA and the City of East Chicago to end their warrantless drug search policy using drug-sniffing dogs as well as all other warrantless searches without exigent circumstances or consent. The same date, the Court granted Plaintiffs' Motion for Class

1

Certification under Federal Rule of Civil Procedure 23(b)(2), certifying a class consisting of "all current and future tenants of properties owned and managed by the East Chicago Housing Authority (ECHA)." (ECF 54, p. 2). The Court found that the class consisted of approximately 645 members.

On November 17, 2016, Plaintiffs served Defendant ECHA with their First Interrogatory, requesting "the names and mailing addresses of all tenants currently residing in properties owned and managed by ECHA" as well as the addresses of unoccupied units owned and managed by ECHA.

On December 21, 2016, ECHA served a written response, objecting that the interrogatory is unreasonably overbroad. ECHA also objected that the Federal Rules of Civil Procedure do not mandate that class members be addressed by name and that "sufficient notice can be provided to all tenants without addressing them by name." (ECF 59-2). ECHA proposed providing the addresses of current residents, but not the names.

The following day, counsel conferred telephonically in an attempt to resolve the dispute. Counsel for Plaintiffs explained that Plaintiffs sought the names of the tenants not only for purposes of notification of the preliminary injunction but also to identify individuals who, by virtue of being subject to ECHA's search and inspection policy, had information relevant to Plaintiffs' claims. The parties were unable to reach an agreement. On January 6, 2017, Plaintiffs filed the instant Motion to Compel Discovery.

## ANALYSIS

Plaintiffs seek to compel Defendant ECHA to release the names and mailing addresses of all current residents and a list of the unoccupied units in buildings owned and managed by Defendant ECHA. Plaintiffs argue that the information is required for Plaintiffs' counsel to provide

adequate notice of the preliminary injunction and to assist Plaintiffs' counsel in the discovery process by identifying relevant witnesses and facts about ECHA's warrantless search policy.

Federal Rule of Civil Procedure 37(a)(3)(B) provides, in relevant part, that a "party seeking discovery may move for an order compelling an answer . . . if . . . a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). ECHA, the objecting party, bears the burden of showing why the discovery request is improper. *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court addresses each of Plaintiffs' bases for seeking this discovery in turn.

First, Plaintiffs argue that the names and addresses of tenants currently living in an ECHA owned property, as well as a list of vacant properties, are necessary to provide adequate notice to the members of the certified class of their rights and of the content of the Preliminary Injunction issued by the Court. In informal discussions, ECHA communicated its belief that Plaintiffs can sufficiently contact the class members without using their names. Plaintiffs argue that Federal Rule of Civil Procedure 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 349 (1978).

However, the citation to Rule 23(c)(2)(B) is inapposite for two reasons. First, Plaintiffs are not asking for the class members' names and addresses to provide class-wide notice within the meaning of Rule 23(c)(2)(A), which governs classes certified under Rule 23(b)(2), as in this case. For a Rule 23(b)(2) class, the "court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). The Court has not done so in this case. Rather, Plaintiffs use the term "notice" to mean their intention to communicate with class members on important developments in their case, including the Court's entry of the Preliminary Injunction.

3

Second, even if Plaintiffs were seeking formal notice, Rule 23(c)(2)(B) and its notice requirement of "best notice that is practicable," cited by Plaintiffs, applies only to a class certified under Rule 23(b)(3). Again, the class in this case was certified under Rule 23(b)(2) and is governed by the notice provision of Rule 23(c)(2)(A), which does not include the "best notice that is practicable" language of Rule 23(c)(2)(B). The United States Supreme Court has recognized that members of a class certified under Rule 23(b)(2) are not entitled to notice or opt out rights as are members of a class certified under Rule 23(b)(3). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360, 362-63 (2011).

Although Plaintiffs' reliance on the notice requirements of Rule 23(c)(2)(B) is misplaced, counsel's desired intent to communicate with the class is well taken, especially to make them aware of the Preliminary Injunction.[1] The class in this case has already been certified, and ECHA offers no argument why class counsel should not be in communication with the members of the class regarding the preliminary injunction and the ongoing litigation. The Court finds that the discovery request is appropriate in order for class counsel to communicate with the members of the certified class.

Separately, Plaintiffs are entitled to the list of names and addresses because the information requested is relevant and discoverable, which is Plaintiffs' second basis for seeking the information. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The relevance standard encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could

---

[1] In their opening brief, Plaintiffs also cite cases addressing conditional certification of collective actions under the Fair Labor Standards Act, which are equally inapposite for purposes of the instant motion because, under Section 216(b), class members must opt in to the class. *See* (ECF 60, p. 5).

4

bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In opposing this discovery, Defendants cite *Oppenheimer* for its holding that a request to obtain the names and addresses of class members "[could] not be forced into the concept of 'relevancy'" when the party seeking the information has not provided a use for the information other than to provide notice to the certified class. (ECF 61, p. 2) (quoting *Oppenheimer*, 437 U.S. at 350-52). In *Oppenheimer*, which dealt with a Rule 23(b)(3) class, the petitioners requested that the respondent bear the cost of compiling a list of all class members on whom notice should be served under Rule 23. The Supreme Court held that, because the request was made only to enable the sending of class notice and not for any other purpose, the request was governed by Federal Rule of Civil Procedure 23(d) and not the relevancy standard of Rule 26(b)(1). *Oppenheimer*, 437 U.S. at 350.[2]

Defendants also cite, *Swelnis v. Universal Fidelity L.P.*, in which the plaintiff requested the names and addresses of potential class members only to establish numerosity under Rule 23(a). No. 2:13-CV-104, 2014 WL 1571323, at *3 (N.D. Ind. Apr. 17, 2014). The Court in *Swelnis* followed the holding in *Oppenheimer* that "the names and addresses of potential class members do not fall within the scope of allowable discovery" because plaintiff provided no other use for the information that would allow for discovery under other methods, such as Federal Rule of Civil Procedure 26. *Id*. at *2. Therefore, names and addresses were not discoverable. *Id*. at *3. *Swelnis* was also concerned with a Rule 23(b)(3) class.

---

[2] Rule 23(d) permits the court, in conducting an action under Rule 23, to issue orders "that . . . require . . . giving appropriate notice to some or all class members . . . at any step in the action . . . ." Fed. R. Civ. P. 23(d)(1)(B). At this time, the Court has not issued such an order in this case.

5

In this case, which concerns a Rule 23(b)(2) class, Plaintiffs' request differs from those in *Oppenheimer* and *Swelnis* because the request is not based solely on a desire to give notice to the members of a Rule 23(b)(3) class or for class certification. In addition to the desire to communicate with the class members, Plaintiffs seek the names and addresses of current tenants to identify and contact individuals and potential witnesses who have knowledge about Defendants' search and inspection policy and practice, to which all tenants are subject. *See In re FedEx Ground Package Sys., Inc.*, 3:05-MD-527 (MDL-1700), 2007 WL 79312, at * 3 (N.D. Ind. Jan. 5, 2007) (allowing discovery of the names of individual employees of Fedex to gain witnesses who could testify about their employment relationship); *see also Taylor v. Universal Auto Group I, Inc.*, No. 1:14-MC-50, 2015 WL 2406071, at *4-5 (S.D. Ohio May 20, 2015) (allowing list of names and contact information to be exchanged in pre-certification discovery for class action (citing *Kane v. Nat'l Action Fin. Servs., Inc.*, No. 11-11505, 2012 WL 1658643, at *7 (E.D. Mich. May 11, 2012))). This information is central to Plaintiffs' claims concerning the constitutionality of Defendants' policy. For example, Plaintiffs argue that the information is relevant to discover how, in practice, Defendants conduct the searches and inspection and whether Defendants routinely combine criminal and administrative searches without the knowledge of the tenants. ECHA tenants have relevant information concerning most aspects of Plaintiffs' claims. In its response brief, ECHA ignores this relevance argument and, thus, does not contest the relevance of the discovery. The Court finds that a list with tenant names and addresses is relevant to an "issue that is or may be in the case," *Oppenheimer*, 437 U.S. at 351, and discoverable.

In its response brief, ECHA argues that, absent a court order, it cannot disclose personally identifiable information furnished by tenants, such as names and addresses, because they fall within the definition of the Federal Privacy Act. The instant Order, which finds the discovery

relevant, now requires ECHA to produce the names and addresses. In addition, as discussed by Plaintiffs in footnote 5 of their reply brief, a protective order may be an adequate remedy to balance Plaintiffs' need to access this information while protecting the privacy rights of ECHA residents. The Court orders the parties to confer as to whether ECHA seeks a protective order regarding this discovery. If so, the Court orders the parties to file a Motion for Agreed Protective Order, with the proposed Agreed Protective Order attached as an exhibit.

Finally, Plaintiffs request their reasonable expenses incurred in making this motion. Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order the payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. Having considered the parties' arguments, the Court finds that imposing an award of reasonable expenses would be unjust in light of ECHA's concerns regarding the tenants' privacy.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion to Compel Discovery [DE 59] but denies Plaintiff's request for attorney's fees made therein.

Should ECHA request a Protective Order as to this discovery, the Court **ORDERS** the parties to **FILE** on or before **March 16, 2017**, a Joint Motion for Agreed Protective Order (with the proposed Agreed Protective Order attached as an exhibit).

7

The Court further **ORDERS** Defendant Housing Authority of the City of East Chicago to serve a complete response to Plaintiffs' First Interrogatory on or before **March 30, 2017**, but after the Agreed Protective Order is entered, if any.

SO ORDERED this 2nd day of March, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES MAGISTRATE JUDGE