**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MARY GUTIERREZ, on her own behalf and on behalf of a class of those similarly situated, *et al*., <br>     Plaintiff, <br><br> v. <br><br> CITY OF EAST CHICAGO and the HOUSING AUTHORITY OF THE CITY OF EAST CHICAGO, <br>     Defendants. | CAUSE NO.: 2:16-CV-111-JVB-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Intervene as Class Representative in Order to Seek Contempt Remedies Against the East Chicago Housing Authority [DE 85], filed by non-party Edith Bradshaw, on February 21, 2018. Defendant East Chicago Housing Authority (hereinafter "ECHA") filed a response on April 6, 2018, indicating that it has no objection to the intervention of Edith Bradshaw as a class representative for purposes of seeking contempt remedies herein.

On March 31, 2016, Plaintiff Mary Gutierrez filed a Class Action Complaint for Declaratory and Injunctive Relief and Damages, challenging the ECHA and the Police Department of the City of East Chicago's alleged policy and practice of conducting warrantless and non-consensual criminal and administrative searches of tenant apartments. On April 1, 2016, Gutierrez filed a Motion for Class Certification and a Motion for Preliminary Injunction. On October 5, 2016, the Court entered a preliminary injunction order prohibiting ECHA from conducting unconstitutional criminal and administrative searches.

In the instant motion, Edith Bradshaw alleges that, on November 7, 2017, ECHA conducted a warrantless "housekeeping" inspection of her apartment, despite the fact that Ms. Bradshaw was not present, that Ms. Bradshaw had explicitly withheld her consent prior to the entry, and there there were no exigent circumstances, all in violation of the Court's October 5, 2016 preliminary injunction order. Ms. Bradshaw seeks to intervene for the limited purpose of seeking contempt sanctions to compensate her for her damages resulting from ECHA's violation of the Court's order.

Federal Rule of Civil Procedure 24 requires the Court to permit, on timely motion, intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). As a threshold matter, Ms. Bradshaw has standing to intervene because she allegedly suffered psychological and emotional harm has a direct result of ECHA's November 7, 2017 allegedly non-consensual and warrantless search of her apartment without exigent circumstances in violation of the Court's preliminary injunction order. *See City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 984 (7th Cir. 2011). Moreover, the motion was timely filed; Ms. Bradshaw has a direct and substantial interest in the subject matter of this litigation, namely securing the benefits of the Court's preliminary injunction order to be free from unconstitutional intrusions into her home and to be compensated through contempt sanctions for the injury she suffered; Ms. Bradshaw's interest is not represented by any existing party; and Ms. Bradshaw's interest in obtaining a remedy for contempt would be impaired if this action were resolved without her. *See Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657 (7th Cir. 2013) (citing *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007)).

Accordingly, the Court hereby **GRANTS** the Motion to Intervene as Class Representative in Order to Seek Contempt Remedies Against the East Chicago Housing Authority [DE 85] and **ORDERS** Intervenor Edith Bradshaw to **FILE** her Verified Petition for Contempt and exhibits on or before **April 27, 2018.**

SO ORDERED this 20th day of April, 2018.

<pre>
                                    s/ Paul R. Cherry
                                    MAGISTRATE JUDGE PAUL R. CHERRY
                                    UNITED STATES DISTRICT COURT
</pre>