**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MARY GUTIERREZ, on her own behalf and on behalf of a class of those similarly situated, *et al.*,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF EAST CHICAGO, *et al.*,<br>　　　　Defendants. | CAUSE NO.: 2:16-CV-111-JVB-JPK |

## OPINION AND ORDER

This matter is before the Court on a Verified Petition to Hold Defendant East Chicago Housing Authority in Civil Contempt of Court [DE 84], filed on February 21, 2018, and on another Verified Petition to Hold Defendant East Chicago Housing Authority in Civil Contempt of Court [DE 100], filed on April 20, 2018. For the sake of clarity, the Court will refer to the earlier petition as the "Blanket Consent Form Petition" and the later petition as the "Bradshaw Petition."

In the Blanket Consent Form Petition, class representative Shawn Polk states that the East Chicago Housing Authority (ECHA) is presenting some of its tenants with a Blanket Consent Form that violates the Preliminary Injunction entered in this case. In the Bradshaw Petition, Ms. Edith K. Bradshaw states that ECHA conducted a warrantless search of Bradshaw's apartment without Bradshaw's consent and in contravention of the Preliminary Injunction.

On June 15, 2018, Magistrate Judge Paul R. Cherry issued his Findings, Report, and Recommendation on the two petitions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). ECHA filed objections as to Judge Cherry's report as to the Blanket Consent Form Petition and as to Judge Cherry's denial of ECHA's motion for a hearing. Plaintiffs filed a response.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition of dispositive motions. The court "may accept, reject, or modify, in whole or in part," the magistrate judge's report. *Id.* at § 636(b)(1). Parties have fourteen days after being served with the magistrate judge's report to file written objections to the proposed findings and recommendations. *Id.* "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Portions of the report to which there is no objection are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). This standard of review applies to Judge Cherry's report except the denial of the motion for a hearing, which is reviewed under 28 U.S.C. § 636(b)(1)(A) and set aside only if clearly error or contrary to law, as the motion is non-dispositive.

**BRADSHAW PETITION**

There are no objections to Judge Cherry's report as to the Bradshaw Petition. Judge Cherry recommends that the Court grant the Bradshaw Petition, hold ECHA in civil contempt for its violation of the preliminary injunction, award Bradshaw $100 in damages as a compensatory sanction, and award Bradshaw her reasonable costs and attorney fees incurred in bringing this matter to the Court's attention. Having reviewed the report and recommendation as to the Bradshaw Petition, the Court finds no clear error and will therefore adopt Judge Cherry's report and recommendations in full as to that petition.

**BLANKET CONSENT FORM PETITION**

To prevail in a request for a finding of contempt, a movant must show by clear and convincing evidence that the court made an unambiguous command, a party violated that command, the violation was significant (that is, that the party did not substantially comply with the order), and the party failed to make a reasonable and diligent effort to comply with the command. *See Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

The Court issued a Preliminary Injunction in this litigation on October 5, 2016,

> prohibiting ECHA from conducting warrantless, non-consensual searches of tenant apartments when there are no exigent circumstances and requiring ECHA to obtain consent from the tenant or, if consent is not given or cannot be obtained, to obtain a warrant for all administrative searches that are not based on exigent circumstances, including but not limited to routine HUD inspections, housekeeping inspections, housing quality inspections, exterminations, bedbug inspections, suspected lease violations, and inspections for tenants on probation due to housekeeping violations. This injunction does not apply to tenant-requested maintenance visits and does not prohibit police from accompanying an administrative search or maintenance for security purposes only.

(Order 3, ECF No. 54).

The Blanket Consent Form that Polk argues is in violation of the Preliminary Injunction is printed on ECHA letterhead and reads as follows:

Date: _____

I _____, a Resident of the John B. Nicosia building located at 4720 Railroad Avenue apartment # _____, give Authorization for the remainder of my residency with the East Chicago Authority for the following:

|   | INITIALS |
|---|---|
| 1. REAC Inspection (specified date on notice) | _____ |
| 2. USIG Inspection (specified date on notice) | _____ |
| 3. Work Order requested | _____ |
| 4. Re-enter my unit for completion of RAC, USIG or work order repairs | _____ |
| 5. Housekeeping Inspection: Regular and prior to Recertification | _____ |
| 6. Bed Bug Inspection to avoid infestation | _____ |
| 7. Bed Bug Treatment | _____ |

    8. Bed Bug Follow-ups: (as many needed as long as I am notified) _____
    9. Extermination of my unit _____

\*\*\*\* I UNDERSTAND THAT REFUSAL TO ALLOW EAST CHICAGO HOUSING AUTHORITY TO ENTER MY UNIT AFTER PROPER NOTICE HAS BEEN GIVEN AND [*sic*] CAN LEAD TO TERMINATION OF MY LEASE AFTER LEGAL MEDIATION IN COURT\*\*\*\*

_____

_____     _____
RESIDENT                             DATE

_____     _____
ECHA REPRESENTATIVE       DATE

(Verified Pet. Ex. A, ECF No. 84-1).

Regarding the Blanket Consent Form Petition, ECHA objects to (1) Judge Cherry's characterization and interpretation of the blanket consent form's language, (2) Judge Cherry's finding that ECHA's actions pertaining to the blanket consent form rose to the level of contempt, (3) the weight Judge Cherry gave to Polk's representations, and (4) Judge Cherry's finding that there are no contested issues of material fact. The Court will review these matters below. The Court has reviewed the remainder of Judge Cherry's report and, having found no clear error therein, adopts the unobjected-to portions of the report as to this petition in full.

### A. Blanket Consent Form Language

ECHA objects to Judge Cherry's findings that (1) the Blanket Consent Form conditions the signatory's continued residency in the building on continuing to give consent once the form is signed for the remainder of the tenant's residency and (2) the form cannot reasonably be interpreted as anything other than conditioning the signatory's continued tenancy on the giving of consent.

ECHA's argument is based on the language "*can* lead to termination of my lease *after legal mediation in court*" in the Blanket Consent Form. (Verified Pet. Ex. A, ECF No. 84-1 (emphasis

added)). ECHA argues that the form is not coercive because the language is conditional and requires a court's involvement instead of permitting ECHA to unilaterally terminate a lease.

ECHA is correct in the sense that refusal of consent does not, by the language of the form, lead to the automatic termination of the tenant's lease. However, automatic termination is not required for coercion to waive the tenant's rights to be present. The voluntariness of a consent to search is determined by the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). Further, consent, once given, can be revoked. *See United States v. $304,980.00 in United States Currency*, 732 F.3d 812, 819 (7th Cir. 2013).

Here the language of the form stated that refusal to permit ECHA to enter an apartment after notice was given would place the tenant's lease in jeopardy and that, once a tenant consented through the form, that the consent was "for the remainder of my residency." That is, the plain language of the form places a resident's housing at risk if the tenant chooses not to sign the form, and, if the tenant has signed the form, the language of the form places housing at risk if the tenant revokes consent (which the form does not recognize as a possibility). Even with the fact that eviction is not guaranteed if the tenant refuses to consent or later revokes consent, the Court finds this language to be coercive because the language forces the tenant to sacrifice a significant degree of housing security in order to deny or revoke consent.

ECHA also argues that, if the form was presented to a tenant with an explanation of the tenant's rights at the time of signing, then the tenant had a meaningful opportunity to refuse to sign the form. However, ECHA does not identify any such evidence or even affirmatively state in its objection that the form was actually presented to tenants with such an explanation of rights. This lack of evidence cannot overcome Polk's clear and convincing evidence that the form itself is coercive. This objection is overruled.

**B. ECHA's Actions**

ECHA objects to Judge Cherry's finding that ECHA failed to make a reasonable and diligent effort to comply with the terms of the Preliminary Injunction. This argument is related to the argument addressed in the previous section.

ECHA again notes that Polk has not presented evidence of any explanation of the form given to tenants when they were presented with the form. As stated above, this evidence is not required for a finding of contempt because Polk has shown by clear and convincing evidence that the form itself is coercive. The Court agrees with Judge Cherry that there may be a way to draft a blanket consent form that does not violate the Preliminary Injunction. However, ECHA's form is not drafted in such a way.

ECHA's form, in all-caps lettering, places a tenant's continued residency in jeopardy if consent to search is not given and states that the consent is given for the remainder of the tenant's residency without providing an option to withdraw consent. ECHA's use of this form is neither a reasonable nor a diligent effort to comply with the Preliminary Injunction's mandate to obtain valid consent or a warrant for all administrative searches that are not based on exigent circumstances. This objection is overruled.

**C. Polk's Representations**

ECHA argues that the Court should ignore all references or possibilities as to the manner in which the form may have been presented and focus solely on the language contained within the form in order to determine whether the form violates the Preliminary Injunction. This is, in fact, what Judge Cherry did in his report, and what the Court has done in this Opinion and Order. Thus, the Court agrees with ECHA that this is the proper way to analyze the issues with the Court, but

the Court overrules the objection because it provides no basis on which to modify or reject Judge Cherry's report because that report performs the proper analysis as to this matter.

### D. Contested Issues of Material Fact

ECHA appears to take issue with the Court's determination that there is no contested issue of material fact, but ECHA identifies no specific material fact found by the Court to which ECHA objects. ECHA argues that the Court should not accept statements made on information and belief. Judge Cherry accepted no such statements made on information and belief. He looked at the consent form itself and noted the redactions made to it. He did not accept as evidence any information regarding the presentation of the form, as Polk did not witness that presentation. The Court, in analyzing ECHA's objections above, has done the same. The Court overrules this objection.

### MOTION FOR HEARING

ECHA argues that it should have been given the opportunity to expand its arguments in a hearing. Northern District of Indiana Local Rule 7-5(a)(1) provides that a party may request oral argument on a motion by filing and serving a separate document explaining why oral argument is necessary. Whether to grant a request for oral argument is a matter for the Court's discretion. N.D. Ind. L.R. 7-5(c)(1).On April 13, 2018, ECHA filed a motion for hearing, but its stated reason for the hearing was to address remedies suggested by Polk in his reply brief. (Request for Oral Argument, ECF No. 98). Judge Cherry denied the motion because he did not consider those remedies, as they were improperly raised for the first time in the reply.

Judge Cherry's denial of this non-dispositive motion is reviewed under 28 U.S.C. § 636(b)(1)(A) and will be reversed if it is clearly erroneous or contrary to law. Because there was no proper Local Rule 7-5(a) request for oral argument on the matters that Judge Cherry did

consider, Judge Cherry was well within his discretion to deny the motion under Local Rule 7-5(c)(1). Judge Cherry's denial of the motion is not clearly erroneous. This objection is overruled.

## CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendation [DE 106], **OVERRULES** Defendant's Objections to Findings and Recommendations of Magistrate Judge [DE 107], **GRANTS** the Verified Petition to Hold Defendant East Chicago Housing Authority in Civil Contempt of Court [DE 84], and **GRANTS** the Verified Petition to Hold Defendant East Chicago Housing Authority in Civil Contempt of Court [DE 100].

The Court **HOLDS** Defendant East Chicago Housing Authority in civil contempt of court for its violation of the Preliminary Injunction Order [DE 54] through the use of the Blanket Consent Form and further **HOLDS** Defendant East Chicago Housing Authority in civil contempt of court for its violation of the same order when it entered Ms. Bradshaw's apartment for an inspection in her absence without consent, a warrant, or exigent circumstances on November 7, 2017.

The Court **ORDERS** Defendant East Chicago Housing Authority to cease and desist from using the Blanket Consent Form attached as Exhibit A to the Blanket Consent Form Petition at any of its buildings.

The Court **AWARDS** Ms. Bradshaw $100 in damages as a compensatory sanction. The Court further **AWARDS** Mr. Polk and Ms. Bradshaw their reasonable costs and attorney fees incurred in bringing these matters to the Court's attention. The Court **ORDERS** Polk's and Bradshaw's counsel to file an affidavit detailing these costs and fees by **February 10, 2020**.

The Court **REFERS** this case to Magistrate Judge Andrew P. Rodovich to hold a settlement conference. The parties are **ORDERED** to participate in a settlement conference with Judge Rodovich. Unless directed otherwise by Judge Rodovich, counsel shall contact his chambers after

seven days to arrange a time for the settlement conference. Participating attorneys must be prepared to discuss their prospective positions regarding remedies for the Blanket Consent Form contempt finding and summary judgment, among other things.

After that settlement conference occurs, the Court will, if necessary, set deadlines related to determining the appropriate remedy regarding the Blanket Consent Form contempt finding.

SO ORDERED on January 21, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT