**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MARY GUTIERREZ, on her own behalf and on behalf of a class of those similarly situated,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF EAST CHICAGO and HOUSING AUTHORITY OF THE CITY OF EAST CHICAGO,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　CAUSE NO.: 2:16-CV-111-JVB-JPK<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on an Unopposed Motion to Dismiss Individual Damages Claims of Mary Gutierrez Upon Approval of Proposed Consent Decree [DE 129], a Stipulation to Enter Consent Decree Following Notice to the Class [DE 130], a Joint Motion to Dismiss City of East Chicago Following Notice to the Class [DE 131], and a Motion for Award of Attorneys' Fees and Costs in Conjunction with Approval of Consent Decree and Following Notice to the Class [DE 132], all filed by Plaintiff Mary Gutierrez and the certified class on June 30, 2020.

On July 1, 2020, District Court Judge Joseph S. Van Bokkelen entered an Order [DE 134] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motions pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**PROCEDURAL BACKGROUND**

On March 31, 2016, Plaintiff Mary Gutierrez filed a Complaint on her own behalf and on behalf of a class of those similarly situated against Defendants the City of East Chicago and the

Housing Authority of the City of East Chicago (ECHA). Plaintiff Gutierrez alleged that Defendants have a policy and practice of conducting warrantless non-consensual criminal searches without exigent circumstances that violate the Fourth Amendment to the United States Constitution. Plaintiff Gutierrez further alleged that Defendants regularly conduct administrative inspections without a warrant or the tenant's consent that violate the Fourth Amendment. Plaintiff Gutierrez sought, *inter alia*, a declaration that these polices are unconstitutional and an injunction prohibiting Defendants from conducting non-consensual warrantless searches and inspections of ECHA tenant apartments absent probable cause or exigent circumstances.

On April 1, 2016, Plaintiff Gutierrez filed both a motion for class certification and a motion for a preliminary injunction. On September 14, 2016, Magistrate Judge Paul R. Cherry granted non-party Shawn Polk's motion to intervene and permitted him to join Plaintiff Gutierrez's motion for class certification. On September 19, 2016, Plaintiff Polk filed his Complaint in Intervention, alleging the same violative conduct as raised in Plaintiff Gutierrez's Complaint.

On October 5, 2016, Judge Van Bokkelen granted Plaintiff Gutierrez's motion for class certification and certified a class pursuant to Federal Rule of Civil Procedure 23(b)(2) consisting of "all current and future tenants of properties owned and managed by the East Chicago Housing Authority." That same day, Judge Van Bokkelen further granted Plaintiff Gutierrez's motion for a preliminary injunction and issued a preliminary injunction: 1) prohibiting ECHA from conducting warrantless, non-consensual searches of tenant apartments when there are no exigent circumstances and requiring ECHA to obtain consent from the tenant or, if consent is not given or cannot be obtained, to obtain a warrant for all administrative searches that are not based on exigent circumstances, including but not limited to routine HUD inspections, housekeeping inspections, housing quality inspections, exterminations, bedbug inspections, suspected lease violations, and

2

inspections for tenants on probation due to housekeeping violations. This injunction did not apply to tenant-requested maintenance visits and did not prohibit police from accompanying an administrative search or maintenance for security purposes only; and 2) requiring ECHA and the City of East Chicago to end their warrantless drug search policy using drug-sniffing dogs as well as all other warrantless criminal searches without exigent circumstances or consent.

On February 21, 2018, Plaintiff Polk filed a motion to hold ECHA in contempt of court for allegedly violating the preliminary injunction. On April 20, 2018, Judge Cherry granted non-party Edith Bradshaw's motion to intervene. That same day, Plaintiff Bradshaw filed her own motion to hold ECHA in contempt of court for allegedly violating the preliminary injunction. On January 21, 2020, Judge Van Bokkelen issued an order holding ECHA in civil contempt of court for violating the preliminary injunction. Among other things, this order awarded Plaintiff Bradshaw $100.00 in damages.

On June 30, 2020, Plaintiff filed an Unopposed Motion to Dismiss Individual Damages Claims of Mary Gutierrez Upon Approval of Proposed Consent Decree, a Stipulation to Enter Consent Decree Following Notice to the Class, a Joint Motion to Dismiss City of East Chicago Following Notice to the Class, a Motion for Award of Attorneys' Fees and Costs in Conjunction with Approval of Consent Decree and Following Notice to the Class, and an Unopposed Motion to Approve Manner and Form of Class Notice and to Set Fairness Hearing.

On July 1, 2020, Judge Van Bokkelen granted Plaintiff's Unopposed Motion to Approve Manner and Form of Class Notice and to Set Fairness Hearing. Judge Van Bokkelen found that Plaintiff had provided the Court with information sufficient to enable it to determine that the Court would likely be able to approve the proposed settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. Judge Van Bokkelen approved the manner and form of

class notice and ordered Plaintiffs' counsel to file a report describing any comments received from the class.

On October 26, 2020, the undersigned held a fairness hearing, during which Plaintiffs and Defendants appeared by counsel. At the time of the fairness hearing, Plaintiffs Gutierrez, Polk, Bradshaw, and the class were represented by the same counsel.

## STANDARD OF REVIEW

"Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). "A district court must scrutinize and evaluate a class action settlement to determine whether it is 'fair, reasonable, and adequate.'" *Bickel v. Sheriff of Whitley Cty.*, No. 1:08-CV-102-TLS, 2015 WL 1402018, at *3 (N.D. Ind. Mar. 26, 2015) (citing *Williams v. Rohm & Haas Pension Plan,* 658 F.3d 629, 634 (7th Cir. 2011) (quoting Fed. R. Civ. P. 23(e)(2))). To evaluate the fairness of a settlement, the court considers five factors:

1. The strength of the plaintiffs' case compared to the defendants' offer;
2. An assessment of the likely complexity, length, and expense of the litigation;
3. An evaluation of the amount of opposition to settlement among affected parties;
4. The opinion of competent counsel; and
5. The stage of the proceedings and the amount of discovery completed at the time of settlement.

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). The Seventh Circuit Court of Appeals has explained that "[t]he most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Id.* (quotation marks and citation omitted).

## FINDINGS AND RECOMMENDATION

Having considered the instant motions, the Court hereby finds as follows:

1. Appropriate notice of the proposed Consent Decree was given to the class pursuant to Rule 23(e), per the manner and form of class notice approved by Judge Van Bokkelen on

July 1, 2020 and as confirmed by Plaintiffs' counsel in the report of communications from class members filed at Docket Entry 141.

2. On September 14, 2020, Plaintiffs filed a report of communications from class members. This report represented that no class member expressed any objection to the entry of the proposed Consent Decree filed at Docket Entry 130, the motion to dismiss Defendant the City of East Chicago filed at Docket Entry 131, or the motion for attorneys' fees filed at Docket Entry 132.

3. Appropriate notice of the fairness hearing was given to the class pursuant to Rule 23(e), per the manner and form of class notice of the fairness hearing approved by the Court on October 9, 2020 and as confirmed by Plaintiffs' counsel at the fairness hearing.

4. On October 26, 2020, the Court held a fairness hearing at which the parties appeared by counsel.

5. Pursuant to the proposed Consent Decree:

    a. ECHA stipulates and agrees that it will not make warrantless, non-consensual entry into tenant apartments when there are no exigent circumstances justifying said entry. Prior to making entry into a tenant apartment when that entry is not justified by exigent circumstances, ECHA will obtain consent from the tenant or, if consent is not given or cannot be obtained, will obtain an administrative warrant authorizing entry. This provision is applicable to any entry when no exigent circumstances are present, including but not limited to routine HUD inspections, housekeeping inspections, housing quality inspections, exterminations, bedbug inspections, suspected lease violations, and inspections for tenants on probation due to housekeeping violations. This agreement, however, does not apply to tenant-

requested maintenance visits and does not prohibit police from accompanying ECHA administrative or maintenance staff, for security purposes only, when entry is made into a tenant apartment.

b. To obtain consent for a warrantless entry into a tenant apartment when there are no exigent circumstances justifying the entry, ECHA shall use the Voluntary Consent Acknowledgment Form ("Consent Form"), attached as Exhibit 1 to Plaintiffs' Stipulation to Enter Consent Decree Following Notice to the Class. A tenant's agreement to the Consent Form is voluntary, and the failure or refusal to sign the Consent Form shall not be grounds for eviction or any other action against the tenant. A tenant's agreement to the Consent Form may be revoked at any time, orally or in writing. However, a tenant's failure or refusal to sign the Consent Form and/or a tenant's revocation of his or her agreement to the Consent Form shall not prohibit ECHA from seeking a warrant for an administrative search.

c. Unless specifically permitted by a warrant or justified by exigent circumstances, ECHA stipulates that drug-sniffing dogs will not be used to conduct non-consensual searches of tenant apartments or of the hallways outside tenant apartments. Nothing in this provision shall, however, restrain or prevent ECHA from using drug-sniffing dogs to inspect and/or search stairwells or other common areas of its buildings other than the hallways outside tenant apartments. Further, nothing in this provision shall restrain or prevent ECHA from employing an extermination contractor which uses dogs to detect the presence of bedbugs in any area of the building, although absent a warrant such dogs will not be used to conduct non-consensual searches of tenant apartments or of the hallways outside tenant

apartments and consent to any such search shall not be construed as authorization to conduct a search for any object(s) other than bedbugs.

d. ECHA agrees to take reasonable steps to ensure that its property managers and other employees are aware of the terms of the Consent Decree and of the requirements imposed by the Consent Decree.

e. ECHA agrees to post the Notice of Consent Decree, attached as Exhibit 2 to Plaintiffs' Stipulation to Enter Consent Decree Following Notice to the Class, in a prominent location in the lobby or other primary common area of each of its properties. ECHA will periodically ensure that the Notice of Consent Decree remains prominently displayed throughout the term of the Consent Decree.

f. In the event that class counsel is notified of a suspected violation of the Consent Decree, prior to seeking contempt remedies, counsel shall notify counsel for ECHA as soon as reasonably possible so that counsel for ECHA may take steps to investigate, substantiate, and/or rectify the issue as needed. Upon written request of class counsel to counsel for ECHA, ECHA shall provide class counsel with copies of any Consent Form or warrant that it believes authorized a search of a tenant apartment. Copies of any such documents shall be provided within fourteen days of the written request by class counsel.

g. Unless the time period is extended, the Consent Decree shall remain in effect for two years from the date that it is approved by the Court. In the event that the Court concludes, either through contempt proceedings or otherwise, that ECHA has acted in violation of the Consent Decree or the parties agree that such a violation has occurred, this period may be extended, upon a motion filed by either party and at

     the discretion of the Court, for two years following the date that said violation occurred (or from a reasonable approximation of this date if the precise date is not known). However, if the parties jointly determine that a violation of the Consent Decree was minor or is not likely to recur, the parties may agree that the period of the Consent Decree should not be extended or that it should only be extended for a period of time less than two years. While the Consent Decree remains in effect, the Court shall retain jurisdiction to enforce the Consent Decree. After the Consent Decree expires, the parties shall promptly file appropriate papers to effect the dismissal of this litigation.

  h. ECHA and the City of East Chicago jointly agree to pay the American Civil Liberties Union (ACLU) of Indiana, as class counsel, thirty-five thousand dollars ($35,000.00) in full compensation of any claim for attorneys' fees and costs incurred in this litigation. Of this sum, five thousand dollars ($5,000.00) shall be paid within thirty days of the Court's approval of the Consent Decree, and the balance shall be paid within twelve months of the Court's approval of the Consent Decree. The responsibility of each defendant shall be as follows: as a condition of its stipulated dismissal from this proceeding, the City of East Chicago shall contribute ten thousand dollars ($10,000.00) toward payment of fees and costs; ECHA shall contribute the remaining twenty-five thousand dollars ($25,000.00) toward payment of fees and costs.

6. Pursuant to the factors enumerated in *Synfuel Techs., Inc.*, 463 F.3d 646:

  a. The strength of Plaintiffs' case compared to Defendants' offer: Plaintiffs appear to have a strong case. In a Report and Recommendation issued by Judge Cherry on

September 6, 2016, adopted by Judge Van Bokkelen on October 5, 2016, Judge Cherry determined that Plaintiffs had shown a likelihood of success on the merits of their claims that 1) ECHA's policy of entering tenants' apartments for administrative searches or inspections when there are no exigent circumstances without a warrant and without consent is unconstitutional and 2) the warrantless drug searches using drug-sniffing canines violate the Fourth Amendment. Pursuant to the proposed Consent Decree, ECHA would cease the actions alleged to be violative of federal law. And, as explained by Plaintiffs' counsel at the fairness hearing, entry of the Consent Decree will not prevent an unnamed class member from pursuing a future claim for damages for the same violative conduct. As such, when Defendants' offer is weighed against Plaintiffs' seemingly strong case, this factor supports a determination that the settlement is fair, reasonable, and adequate pursuant to Rule 23.

b. The likely complexity, length, and expense of the litigation: The parties represent that it is in their best interest to resolve the issues presented in this matter via the proposed Consent Decree, as it will allow them to avoid protracted and unnecessary litigation. Should the Court approve and enter the Consent Decree, the litigation in this matter would cease and Plaintiffs, along with the class, would receive the immediate benefit of the Consent Decree being in effect. Accordingly, this factor supports a determination that the settlement is fair, reasonable, and adequate pursuant to Rule 23.

c. The amount of opposition to settlement among affected parties: No class member expressed any objection to the entry of the proposed Consent Decree filed at Docket

  Entry 130, the motion to dismiss Defendant the City of East Chicago filed at Docket Entry 131, or the motion for attorneys' fees filed at Docket Entry 132. Further, no class members expressed any objection to or other opinion on the proposed Consent Decree at the fairness hearing. Accordingly, this factor supports a determination that the settlement is fair, reasonable, and adequate pursuant to Rule 23.

d. The opinion of competent counsel: Plaintiffs' counsel appears eminently competent and experienced in this area. At the fairness hearing held on October 26, 2020, Plaintiffs' counsel noted that he has been admitted to the Indiana bar, the Northern District of Indiana, Southern District of Indiana, and Seventh Circuit Court of Appeal since 2006. He is a senior staff attorney at the ACLU of Indiana and has been appointed and served as class counsel in at least one to two dozen cases in both the Northern and Southern Districts of Indiana. Further, counsel will receive no additional renumeration as a direct result of the proposed settlement. Accordingly, this factor supports a determination that the settlement is fair, reasonable, and adequate pursuant to Rule 23.

e. The stage of the proceedings and the amount of discovery completed at the time of settlement: This matter was filed in 2016. Since that time, Plaintiffs have been granted a preliminary injunction and the Court has further granted two contempt petitions. Further, Plaintiffs' counsel represented at the fairness hearing that a substantial amount of discovery has been conducted in this matter. The parties have litigated this matter in an adversarial manner and both counsel and the Court are able to appropriately evaluate the merits of Plaintiffs' claims at this stage.

      Accordingly, this factor supports a determination that the settlement is fair, reasonable, and adequate pursuant to Rule 23.

7. For the reasons set forth above, the proposed Consent Decree is a fair, reasonable, and adequate resolution to this matter, pursuant to Rule 23.

8. Plaintiffs' counsel seeks $35,000.00 in attorneys' fees, which represents less than twenty percent of the total $185,786.30 costs and fees incurred by Plaintiffs' counsel. Further, the payment of the $35,000.00 in attorneys' fees has been agreed to by Defendants. Accordingly, the $35,000.00 sought by Plaintiffs' counsel is a reasonable award of attorneys' fees in this matter.

Accordingly, the Court **RECOMMENDS** that the District Court:

1. **GRANT** the Unopposed Motion to Dismiss Individual Damages Claims of Mary Gutierrez Upon Approval of Proposed Consent Decree [DE 129] and **DISMISS** the individual damages claims of Plaintiff Mary Gutierrez;

2. **GRANT** the Stipulation to Enter Consent Decree Following Notice to the Class [DE 130], **APPROVE** the Consent Decree as a fair, reasonable, and adequate resolution of these proceedings, and **ENTER** the Consent Decree;

3. **ORDER** the parties to carry out the terms of the Consent Decree promptly and in good faith, and to promptly file with the Court appropriate papers effecting the dismissal of this action after the expiration of the term of the Consent Decree.

4. **GRANT** the Joint Motion to Dismiss City of East Chicago Following Notice to the Class [DE 131] and **DISMISS** Defendant City of East Chicago;

5. **GRANT** the Motion for Award of Attorneys' Fees and Costs in Conjunction with Approval of Consent Decree and Following Notice to the Class [DE 132] and **AWARD** attorneys'

fees in the amount of $35,000.00 to Plaintiffs' counsel, to be paid as specified in the Consent Decree; and

6. **DENY as moot** Plaintiffs' Motion for Partial Summary Judgment [DE 68] and Verified Petition for Award of Attorneys' Fees [DE 117], per the parties' request in the Stipulation to Enter Consent Decree Following Notice to the Class.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 12th day of November, 2020.

> s/ Joshua P. Kolar
> MAGISTRATE JUDGE JOSHUA P. KOLAR
> UNITED STATES DISTRICT COURT